## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MAURICE ELLIS, | ) |
| Petitioner, | ) |
| v. | ) Case No.  1:16-cv-01437-JBM |
| J.E. KRUEGER, | ) |
| Respondent. | ) |

## ORDER & OPINION

This matter is before the Court on Petitioner Maurice Ellis's "Petition for a Writ of Habeas Corpus Ad Subjiciendum" pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Petitioner's Petition (Doc. 1) is DENIED.

### BACKGROUND

Petitioner pleaded guilty to possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). J. (Doc. 29), *United States v. Maurice Ellis*, No. 1:15-cr-10060-JBM-JEH (C.D. Ill. Sept. 12, 2016). This Court sentenced Petitioner to 180 months of imprisonment. *Id*. at 2.

On November 9, 2016, Petitioner filed a "Petition for a Writ of Habeas Corpus Ad Subjiciendum." (Doc. 1). He claims that he is being unlawfully held because "the United States did not have jurisdiction over lands of where the alleged crime(s) occurred." *Id*. at 2. Petitioner further claims that the "United States had not sought criminal jurisdiction over the lands and/or property of where the alleged crime(s) occurred pursuant to Title 40 U.S.C. Section 3112; Article 1, Section 8, Clause II of

the U.S. Const.; Article 4, Section 3 of the U.S. Const.; Tenth Amendment; Title 18 U.S.C. Section 5; Title 18 U.S.C. 7(3); Title 18 U.S.C. § 13(a)." *Id.*

## LEGAL STANDARD

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014). However, a court must still decide whether a petition adequately presents the legal and factual basis for a claim. *Id.*

This Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to all cases that purport to be brought under Chapter 153 of Title 28 of the United States Code that are not explicitly brought under 28 U.S.C. §§ 2254 and 2255. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b); *see also Poe v. United States*, 468 F.3d 473, 477 n. 6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over 28 U.S.C. § 2243's deadlines and gives court discretion to set deadlines). This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief."

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition and determined Petitioner is not entitled to habeas corpus relief.

## ANALYSIS

Petitioner has provided no legal claims on which to proceed for a habeas petition and his petition must be denied. Although not explicitly stated, Petitioner's writ of habeas corpus can be construed as a "sovereign citizen" claim. Sovereign citizens claim that the United States did not have jurisdiction over their crimes and list a variety of legal citations to support their claims. The United States Court of Appeals for the Seventh Circuit has instructed district courts to "summarily reject" the "worn argument that a defendant is sovereign." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases that reject the "sovereign citizen" argument as frivolous).

Sovereign citizen claims are summarily rejected, because it has been clearly established that the laws of the United States apply to all persons within its borders and this includes the Petitioner. *United States v. Phillips*, 326 F. App'x 400, 400 (7th Cir. 2009). *See also Benabe*, 654 F.3d at 767 (announcing that regardless of an individual's claimed status of descent, that person is not beyond the jurisdiction of the courts); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (explaining that "sovereign citizen" arguments have "no conceivable validity in American law).

Furthermore, district courts have original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231; *see also United States v. Hornback*, Nos. 3:10-CR-13-DCR-REW, 3:13-CV-7296-DCR-REW, 2014 U.S. Dist. LEXIS 83586, *24 (E.D. Ky. May 6, 2014) (citing *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992)) ("This argument is patently meritless. Federal courts have

exclusive jurisdiction over offenses against the laws of the United States under 18 U.S.C. § 3231 and the permission of the states is not a prerequisite to that jurisdiction.").

Petitioner lists a series of citations to provide support for why the Court did not have jurisdiction to try Petitioner and for why the United States did not have criminal jurisdiction over him. As explained below, each of his citations is meritless.

Petitioner's citation 40 U.S.C. § 3312 to support a lack of jurisdiction is meritless. Section 3312 establishes laws for acquiring federal land from states. Therefore, 40 U.S.C. § 3312 has no application here. *See Hornback* at *27 n. 11; *see also Thomas v. United States*, Nos. 8:13-CV-215-T-15Map, 8:07-CR-203-T-27MAP, 2013 U.S. Dist. LEXIS 130123, at *2 (M.D. Fla. Sept. 11, 2013) (finding a similar claim "completely frivolous" and that § 3112 has "nothing to do" with cases, like here, whose jurisdiction rests on § 3231).

Likewise, Petitioner's citation to Article I, Section 8, of the United States Constitution to support a lack of jurisdiction is likewise meritless. Article I, Section 8 is the "Necessary and Proper Clause," which gives Congress the power to "make all laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by this Constitution in the government of the United States . . . ." U.S. Const. art. I, § 8. This is the precise portion of the Constitution which gave Congress the authority to pass 18 U.S.C. § 3231, which gives the district courts original jurisdiction over "all offenses against the laws of the United States." *United States v. Owens*, No. 1:08CR89, 2009 U.S. Dist. LEXIS 7945, at *12-13 (N.D. W.V. Jan. 23, 2009); *see also United States v. Jerdine*, No. 1:08-CR-

00481, 2009 U.S. Dist. LEXIS 132021, at *18 (N.D. Oh. Feb. 18, 2009) (citation omitted) ("Moreover, Article I, Section 8 of the United States Constitution grants Congress the power to create, define, and punish crimes irrespective of where they are committed."). Therefore, this citation actually strengthens the jurisdiction of this Court to try Petitioner for his crimes.

Similarly, Petitioner's citation to the Tenth Amendment to support a lack of jurisdiction is meritless because of the Necessary and Proper Clause. The Tenth Amendment states that the "powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people." U.S. Const. amend. X. The Necessary and Proper Clause, as described above, gave Congress the power to create jurisdiction over federal crimes. Congress did so when it passed 18 U.S.C. § 3231.

Petitioner's citation to Article IV, Section 3 to support a lack of jurisdiction is meritless. Article IV, Section 3 dictates how new states may enter the union. U.S. Const. art. IV, § 3. It does not pertain to jurisdiction.

Petitioner's citation to 18 U.S.C. §§ 5, 7(3) to support a lack of jurisdiction is meritless, because they are a statutory definition. These sections define the meaning of words for the title. Jurisdiction is granted in 18 U.S.C. § 3231.

Lastly, Petitioner's citation to 18 U.S.C. § 13(a) to support a lack of jurisdiction is also meritless. The Assimilative Crimes Act, 18 U.S.C. §13, "subjects federal enclaves, like military bases, to state criminal laws except when they punish the same conduct as a federal statute." *Torres v. Lynch*, 136 S. Ct. 1619, 1631 (2016). Petitioner was arrested for the violation of a federal law, not a criminal law. *United States v.*

*Maurice Ellis*, No. 1:15-cr-10060-JBM-JEH. Furthermore, he was not arrested on a federal enclave, but rather on a road near Morton, Illinois. Compl. (Doc. 1), *United States v. Maurice Ellis*, No. 1:15-cr-10060-JBM-JEH. Therefore, Petitioner's citation is meritless.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) is DENIED.

CASE TERMINATED.

Entered this _21st_ day of November, 2016.

              s/ Joe B. McDade
              JOE BILLY McDADE
             United States Senior District Judge